

**ORDERED in the Southern District of Florida on November 11, 2013.**

John K. Olson, Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division
www.flsb.uscourts.gov

In re:                                                                 Case No. 13-27781-BKC-JKO

SOFIA PANAGIOTOPOULOS,                                 Chapter 11

　　　Debtor.
_____/

**AGREED ORDER GRANTING, IN PART, DEBTOR'S MOTION TO VALUE AND DETERMINE SECURED STATUS OF LIEN ON REAL PROPERTY**

**(Modifying Rights of Bayview Loan Servicing, LLC)**

***(Property Address: 4601 SW 43 Ave, Dania Beach, FL 33314)***

THIS CAUSE came on before the Court upon the Debtor's Motion to Value and Determine Secured Status of Lien on Real Property [ECF No. 55] (the "Motion"). Based on the Debtor's assertions made in support of the Motion, having considered the record in this case, noting the agreement between the Debtor and Bayview Loan Servicing, LLC ("Bayview") as to the relief set forth herein, and being duly advised in the premises, the

Court FINDS as follows:

A. The value of the Debtor's real property (the "Real Property") located at 4601 SW 43 Ave, Dania Beach, FL 33314, and more particularly described as:

> Lot 14A, of Gold Coast Twin Villas West, according to the Plat thereof, as recorded in Plat Book 70, Page 21, of the Public Records of Broward County, Florida,

is $105,000.00 at the time of the filing of this case.

B. The total of all claims secured by liens on the Real Property senior to the lien of Bayview, specifically with regard to its First Mortgage (as defined in the Motion) (hereinafter, the "First Mortgage") is $0.00.

C. The equity remaining in the Real Property after payment of all claims secured by liens senior to the lien of Bayview is $105,000.00 and Bayview has a secured interest in the Real Property in such amount, specifically with regard to its First Mortgage.

Consequently, it is **ORDERED** as follows:

1. The Motion is **GRANTED**.

2. Bayview has an allowed secured claim in the amount of $105,000.00, specifically with regard to its First Mortgage.

3. Bayview has not filed a proof of claim in this case, with regard to its First Mortgage on the Real Property. However, the Debtor has scheduled Bayview's claim on her Schedule "D". In the event that a proof of claim is timely filed, it shall be classified as a secured claim in the amount provided in paragraph 2 above, and as a general unsecured claim for any amount in excess of such secured claim, regardless of the original classification in the proof of claim as filed or the Debtor's schedules.

4. The Real Property may not be sold or refinanced without proper notice and

further order of the Court.

5. Notwithstanding the foregoing, this Order is not recordable or enforceable until the Debtor receives a discharge in this Chapter 11 case.

6. As a result of the foregoing, the hearing on the Motion, scheduled for December 10, 2013 at 10:30 a.m., is canceled.

### ###

**Submitted by:**

Zach B. Shelomith, Esq.
Leiderman Shelomith, P.A.
2699 Stirling Road, Suite C401
Ft. Lauderdale, FL 33312
Telephone (954) 920-5355
Facsimile (954) 920-5371
zshelomith@lslawfirm.net

**Copies furnished to:**

Zach B. Shelomith, Esq.

Attorney Shelomith is directed to serve a conformed copy of this Order on all interested parties immediately upon receipt hereof and to file a certificate of service.